UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID K. HOSKINS,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF NELISON; LT. THURGOOD; SGT. SHELTON; CAPTAIN BYBEE; DEPUTY JIM DALLY; and JOHN DOES,<br><br>Defendants. | Case No. 4:19-cv-00450-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff David K. Hoskins's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.      **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate.

The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

Additionally, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, the Court has considered only the Complaint itself for purposes of its screening review.[1]

---

[1] The Court also does not consider requests made in the form of letters. If Plaintiff seeks an order from, or an action by, the Court of any kind, he must file a formal motion, properly-captioned, requesting that action.

### 3. Factual Allegations

Plaintiff is an inmate in the Bannock County Jail in Pocatello, Idaho. Plaintiff asserts federal civil rights claims and state law claims against the Bannock County Sheriff and various deputies for actions undertaken at the jail. *Compl.*, Dkt. 3, at 2.

Plaintiff claims that he told Defendant Sergeant Shelton that Plaintiff wanted to report a crime. Shelton refused to do so. *Id.*

Plaintiff also states that he has tried to prove his innocence in his pending state criminal proceedings but that Shelton has interfered in those efforts. Specifically, according to Plaintiff, Shelton has refused to provide Plaintiff with a black pen or with blank motions or affidavit forms, and "even gave [him the] wrong form" to file a civil rights complaint. *Id.* at 2, 6. It appears Shelton has also refused to make copies for Plaintiff or to give Plaintiff contact information for Idaho attorneys. *Id.* at 3–4.

Plaintiff asserts that all Defendants have deprived him of his constitutional rights and have failed to investigate unidentified events at the jail. *Id.* at 5. He also claims the Sheriff of Bannock County has failed to adequately train and supervise his deputies. *Id.* at 6.

### 4. Discussion

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

## A.    Section 1983 Claims

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts

by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09. A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have

acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### i. Due Process Claims

Plaintiff claims that Defendants violated his right to due process by failing to ensure that a crime was reported. However, Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). Therefore, Plaintiff has not stated a plausible § 1983 claim based on Defendant Shelton's refusal to report the alleged crime of which Plaintiff informed him.

### ii. Access-to-Courts Claims

Plaintiff also asserts that his constitutional rights have been violated because of Shelton's actions denying him a black pen and blank legal forms. Inmates have a right to access the courts under the First and Fourteenth Amendments. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, because the right of access to the courts is not an "abstract,

freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

To state a viable access-to-courts claim, a plaintiff must plausibly allege an actual injury as a result of the defendant's actions. *Id.* at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351.

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id.* at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id.* at 360 (emphasis added). Further, as with all § 1983 claims, a plaintiff cannot state an access to courts claim by alleging that a negligent act by a government official caused the actual injury of which the plaintiff complains. *Krug v. Lewis*, 852 F.2d 571 (Table), 1988 WL 74699, *1 (9th Cir. July 6, 1988) ("While prisoners have a due process right of access to the courts, the negligent act of a public official does not violate that right.") (unpublished) (citing *Daniels*, 474 U.S. at 333).

The right of access to the courts is limited and applies only to direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354-55; *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.") (emphasis omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). Thus, "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis omitted).

Claims of denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that now cannot be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002). A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415-17. "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a

plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id*. at 415.

A prisoner asserting an access to courts claim must also allege facts showing that the alleged violation of his rights was proximately caused by a state actor. *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007), *vacated on other grounds*, *Hust v. Phillips*, 550 U.S. 1150 (2009); *see also Crumpton*, 947 F.2d at 1420. The proximate cause analysis focuses on whether it was foreseeable that the state actor's conduct would result in a deprivation of the prisoner's right of access to the courts. *Phillips*, 477 F. 3d at 1077 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000)).

Plaintiff primarily complains of his inability to protect his interests in his ongoing state criminal proceedings. The Sixth Amendment guarantees a criminal defendant the right to be represented by counsel. It also includes the right to waive that counsel and to represent oneself. *Faretta v. California*, 422 U.S. 806, 819 (1975) ("The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense."). An accused, therefore, "has the right to represent himself or herself pro se or to be represented by an attorney," but he does not have a right to elect to be represented by counsel and *also* to represent himself or serve as his own co-counsel. *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 953, 79 L. Ed. 2d 122 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation ….").

Therefore, the right of access to the courts does *not* extend to a prisoner who is represented by counsel in the proceeding with respect to which he claims a right of access. That is, represented criminal defendant does not have a constitutional right to separately access the courts in that criminal proceeding. If Plaintiff has chosen to be represented by counsel in his ongoing state criminal proceedings, he does not have a right to access the courts apart from that counsel. In any amended complaint, Plaintiff must disclose whether he is represented by counsel in his ongoing state criminal proceedings.

Further, Plaintiff has not plausibly alleged how his lack of a black pen or blank motion or affidavit forms could result in an actual injury to his right of access to the courts. Plaintiff has access to a writing instrument and blank paper, as his Complaint in this action shows. There appears to be no reason why he cannot use that same writing instrument and blank paper to draft affidavits, motions, or other legal documents.

Plaintiff should keep the above standards in mind if he files an amended complaint.

iii.        Personal Participation Required for Liability

Finally, the Complaint does not assert any specific allegations against Defendants Nelison, Thurgood, Bybee, Dally or any Doe Defendant—only against Defendant Shelton. Nor does the Complaint permit a plausible inference that any Defendant is liable as a supervisor. *See Starr*, 652 F.3d at 1208; *Connick v. Thompson*, 563 U.S. at 72. If Plaintiff does not have factual allegations specific to each Defendant so as to give rise to § 1983 liability, he should omit those Defendants from any amended complaint.

### B.     State Law Claims

In addition to § 1983 claims, Plaintiff purports to assert state law claims. *Compl*. at 1. Just as the Complaint fails to state a federal claim for relief, so also does it fail to assert a plausible state law claim. There is nothing in the Complaint to suggest that any Defendant breached a duty to Plaintiff so as to give rise to a negligence claim, and no other state law claim appears to be implicated by the allegations in the Complaint.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. *See* U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 5.     Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor

does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.  Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed without further notice.

2.  Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

3.  Because an amended complaint is required for Plaintiff to proceed, the following motions are MOOT:

a. Plaintiff's Motion to Amend for Injunction or Court Mediator (Dkt. 10);

b. Plaintiff's Motion for Quick Action by this Court (Dkt. 17);

c. Plaintiff's Motion for Partial Summary Judgment (Dkt. 18);

d. Plaintiff's Affidavit and Motion for Cause of Action (Dkt. 20); and

e. Plaintiff's Motion to Allow Psychological Assessment (Dkt. 22).

DATED: January 28, 2020

David C. Nye
Chief U.S. District Court Judge